UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

DANIEL SLAMNA and MIROSLAV VAJIC,
individually and on behalf of all other persons
similarly situated,

               Plaintiffs,

–against–

API RESTAURANT CORP.; CELLA FINE
FOODS INC.; PIO RESTAURANT, LLC; SETA
RESTAURANT CORP.; GIOVANNI
APICELLA; and ANTONIO SPIRIDIGLIOZZI;
jointly and severally,

               Defendants.

12 CV 757 (RWS)

## FIRST AMENDED COMPLAINT AND JURY DEMAND

1. The plaintiffs allege on behalf of the plaintiffs and other similarly situated current and former employees of the defendants and who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., that they are entitled to (i) unpaid minimum wages from the defendants for hours the plaintiffs worked for which the defendants did not pay the plaintiffs the full minimum wage; (ii) unpaid wages from the defendants for overtime work for which the defendants did not pay the plaintiffs overtime premium pay, as required by law; (iii) liquidated damages; and (iv) attorney's fees and costs of the action.

2. The plaintiffs further allege, pursuant to the New York Labor Law, Art. 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), that the plaintiffs are entitled to (i) unpaid minimum wages from the defendants for hours the plaintiffs worked for which the defendants did not pay the plaintiffs the full minimum wage; (ii) unpaid wages from the defendants for overtime work for which the defendants did not pay the plaintiffs overtime

premium pay, as required by law; (iii) liquidated damages; and (iv) attorney's fees and costs of the action.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The court has jurisdiction over the plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. This court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. The plaintiff Daniel Slamna is and was at all relevant times an adult individual residing in Queens County, New York.

7. The plaintiff Miroslav Vajic is and was at all relevant times an adult individual residing in Queens County, New York.

8. Upon information and belief, the defendant API Restaurant Corp. is a New York business corporation with its principal place of business in New York County.

9. Upon information and belief, the defendant Cella Fine Foods Inc. is a New York business corporation with its principal place of business in New York County.

10. Upon information and belief, the defendant Pio Restaurant, LLC, is a New York business corporation with its principal place of business in New York County.

11. Upon information and belief, the defendant Seta Restaurant Corp. is a New York business corporation with its principal place of business in New York County.

12. Upon information and belief, the defendant Giovanni Apicella is an adult.

13. Upon information and belief, the defendant Antonio Spiridigliozzi is an adult.

## STATEMENT OF FACTS

14. The defendants operate a group of four restaurants in New York—Azalea Ristorante, at 224 West 51st Street, New York, New York; Amarone Ristorante, at 686 9th Avenue, New York, New York; Luna Piena Ristorante, at 243 East 53rd Street, New York, New York; and Tramonti Ristorante, at 364 West 46th Street, New York, New York.

15. Upon information and belief, the restaurants are each owned by one the four defendant businesses.

16. The four defendant businesses are owned by the defendants Giovanni Aicella and Antonio Spiridigliozzi.

17. At all relevant times, the defendant Giovanni Apicella was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs, and acted directly or indirectly in the interest of an employer.

18. At all relevant times, the defendant Antonio Spiridigliozzi was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs, and acted directly or indirectly in the interest of an employer.

19. The defendants have a single website to advertise the four restaurants.

20. The owners have moved employees' work location and responsibilities from one restaurant to another.

21. From approximately April 25, 2011, to approximately February 16, 2012, the defendants employed the plaintiff Daniel Slamna.

22. The defendants employed the plaintiff Daniel Slamna as a waiter at Azalea Ristorante.

23. The defendants compensated the plaintiff Daniel Slamna at an hourly rate of $5.00.

24. The plaintiff Daniel Slamna's paychecks bear the name of API Restaurant Corp.

25. From approximately February 2, 2008, until December 2, 2011, the defendants employed the plaintiff Miroslav Vajic.

26. The defendants employed the plaintiff Miroslav Vajic as a waiter at Tramonti Ristorante.

27. The defendants compensated plaintiff Miroslav Vajic at hourly rates ranging from $4.60 to $5.00.

28. The plaintiff Miroslav Vajic's paychecks bear the name of Cella Fine Foods Inc.

29. Upon information and belief, the defendants never informed the plaintiff Miroslav Vajic that defendants intended to use a tip allowance.

30. The plaintiffs worked between 44 and 47 hours per week.

31. The defendants failed to pay the plaintiffs and the collective action members for many of the hours they worked.

32. The plaintiffs and each of the collective action members were paid less than the applicable minimum wage for the hours the plaintiffs and each of the collective action members worked.

33. The plaintiffs and each of the collective action members worked in excess of forty hours per workweek, yet defendants willfully failed to pay the plaintiffs and each of the collective action members overtime compensation of one and one-half times the applicable minimum wage, in violation of the FLSA and the NYLL.

34. Upon information and belief, while the defendants employed the plaintiffs and each of the collective action members, the defendants failed to maintain accurate and sufficient time records.

## COLLECTIVE ACTION ALLEGATIONS

35. Pursuant to 29 U.S.C. § 207, the plaintiffs seek to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by any of the defendants at any time since three years prior to the date of this complaint, to the entry of judgment in this case, who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wage, or overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek (the "collective action members").

36. The collective action members are so numerous that joinder of all the collective action members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are approximately 30 collective action members, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

37. The plaintiffs will fairly and adequately protect the interests of the collective action members and has retained counsel that is experienced and competent in the fields of

employment law and class action litigation. The plaintiffs have no interest that is contrary to or in conflict with the collective action members.

38. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all collective action members is impracticable. Furthermore, inasmuch as the damages suffered by each of the collective action members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the collective action members to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

39. Questions of law and fact common to the collective action members predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to the plaintiffs and the collective action members are:

    a. whether the defendants employed the collective action members within the meaning of the FLSA;

    b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c. whether the defendants failed to pay the collective action members minimum wage compensation for hours worked, in violation of the FLSA and the regulations promulgated thereunder;

    d. whether the defendants failed to pay the collective action members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.  whether the defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

f.  whether the defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

40.  The plaintiffs, on behalf of the plaintiffs and all collective action members, reallege and incorporate by reference paragraphs 1 through 37 as if they were set forth again herein.

41.  The defendants are and at all relevant times have been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.  At all relevant times, the defendants employed the plaintiffs and each of the collective action members within the meaning of the FLSA.

43.  The defendants are and were at all relevant times an enterprise as defined by 29 U.S.C. § 203(r)(1).

44.  Upon information and belief, at all relevant times, the defendants have had gross revenues in excess of $500,000.

45.  At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to the plaintiffs and each of the collective action members for hours worked in excess of forty hours per workweek.

46.  As a result of the defendants' willful failure to lawfully compensate the plaintiffs and each of the collective action members at a rate not less than one and one-half times the

regular rate of pay for work performed in excess of forty hours in a workweek, the defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

47. The defendants willfully failed to pay the plaintiffs and each of the collective action members at the applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206.

48. Due to the defendants' FLSA violations, the plaintiffs and each of the collective action members are entitled to recover from the defendants their unpaid minimum wage and overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

49. As a result of the defendants' failure to record, report, credit, and compensate its employees, including plaintiffs, defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

### SECOND CLAIM FOR RELIEF:
### NEW YORK LABOR LAW

51. The plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as if they were set forth again herein.

52. At all relevant times, the plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

53. At all relevant times, the minimum wage was $7.15 until July 24, 2009, and $7.25 thereafter, according to N.Y. Labor Law § 652(1) and N.Y.C.R.R. § 146-1.2.

54. The defendants willfully violated the plaintiffs' rights by failing to pay the plaintiffs the applicable minimum wage for many of the hours worked, in violation of N.Y. Labor Law § 652(1) and N.Y.C.R.R. § 146-1.2.

55. The defendants willfully violated the plaintiffs rights by failing to pay the plaintiffs overtime compensation at a rate not less than one and one-half times the applicable minimum wage for each hour worked in excess of forty hours per workweek, in violation of N.Y. Labor Law § 652(1) and N.Y.C.R.R. § 146-1.4.

56. Due to the defendants' NYLL violations, the plaintiffs are entitled to recover from defendants the plaintiffs unpaid minimum wage and overtime compensation, liquidated damages, and attorney's fees and costs and disbursements of the action, pursuant to the NYLL.

## PRAYER FOR RELIEF

Wherefore, the plaintiffs, on behalf of the plaintiffs and all other similarly situated collective action members, pray that this court grant as relief:

    a. designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b) and appointing the plaintiffs and the plaintiffs' attorneys to represent the collective action members;

    b. a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

    c. an award of unpaid minimum wage and overtime compensation due under the FLSA;

  d. an award of liquidated damages as a result of the defendants' willful failure to pay minimum wage and overtime compensation and compensation, pursuant to the FLSA;

  e. for the plaintiffs, an award of unpaid minimum wage and overtime compensation due under the NYLL;

  f. for the plaintiffs, an award of liquidated damages as a result of the defendants' willful failure to pay minimum wage and overtime compensation, pursuant to the NYLL;

  g. an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, § 5001;

  h. an award of postjudgment interest;

  i. an award of costs and expenses of this action together with reasonable attorneys' fees; and

  j. such other and further relief as this court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs, on behalf of the plaintiffs and the collective action members, demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       May 18, 2012

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFFS**