```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DANIEL SLAMNA and MIROSLAV VAJIC,
individually and on behalf of all other
similarly situated,

                        Plaintiffs,         12 Civ. 757(RWS)

        -against-                                OPINION

API RESTAURANT CORP., CELLA FINE FOODS
INC., PIO RESTAURANT, LLC, SETA
RESTAURANT CORP., GIOVANNI APICELLA and
ANTONIO SPIRIDIGLIOZZI, jointly and
severally,

                        Defendants.

------------------------------------X

A P P E A R A N C E S:

        Attorney for Plaintiffs

        THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
        277 Broadway, Suite 408
        New York, NY  10007
        By:  Justin Alexander Zeller, Esq.
             Brandon David Sherr, Esq.


        Attorney for Defendants

        MILMAN LABUDA LAW GROUP, PLLC
        3000 Marcus Avenue, Suite 3W8
        Lake Success, NY  11042
        By:  Netanel Newberger, Esq.
             Joseph Martin Labuda, Esq.
             Richard I. Milman, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/12

**Sweet, D.J.**

Defendants API Restaurant Corp. ("API"), Cella Fine Foods Inc. ("Cella"), Pio Restaurant, LLC ("Pio"), Seta Restaurant Corp. ("Seta"), Giovanni Apicella ("Apicella") and Antonio Spiridigliozzi ("Spiridigliozzi," and, collectively, the "Defendants") have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the amended complaint (the "Amended Complaint") of Plaintiffs Miroslav Vajic ("Vajic") and Daniel Slamna ("Slamna") alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Based upon the conclusions set forth below, Defendants' motion to dismiss is granted in part and denied in part.

**Prior Proceedings**

On January 31, 2012, Vajic filed an initial complaint against Defendants. After several stipulations of adjournment extending Defendants' time to answer the complaint, Defendants moved to dismiss the complaint on April 27, 2012. The motion to dismiss was marked returnable on May 23, but on May 18,

1

Plaintiffs filed the Amended Complaint. In light of the Amended Complaint, Defendants withdrew their motion to dismiss.

On June 4, 2012, Defendants filed the present motion to dismiss the Amended Complaint. The motion was marked fully submitted on June 27.

**The Amended Complaint**

The Amended Complaint alleges the following facts, which are accepted as true at this stage of the litigation. Defendants operate a group of four restaurants in New York: Azalea Ristorante, at 224 West 51st Street; Amarone Ristorante, at 686 Ninth Avenue; Luna Piena Ristorante, at 243 East 53rd Street; and Tramonti Ristorante, at 364 West 46th Street. The four business defendants - API, Cella, Pio and Seta - are alleged to be the owners of these restaurants, and Apicella and Spiridigliozzi are alleged to own these four businesses. Apicella and Spiridigliozzi actively participated in the business of Defendants and exercised substantial control over the functions of Defendants' employees, including Plaintiffs. Defendants have a single website to advertise the four

restaurants, and the owners have moved the employees' work location and responsibilities from one restaurant to another.

The Amended Complaint alleges that, from approximately April 25, 2011 to approximately February 16, 2012, Defendants employed Slamna. Slamna was employed as a waiter at Azalea Ristorante, and he was compensated at an hourly rate of $5.00. Slamna's paychecks bear API's name. From approximately February 2, 2008 to December 2, 2011, Defendants employed Vajic. Vajic was employed as a waiter at Tramonti Ristorante, and he was compensated at hourly rates ranging from $4.60 to $5.00. Vajic's paychecks bear Cella's name. Defendants never informed Vajic that Defendants intended to use a tip allowance.

Plaintiffs contend that they worked between 44 and 47 hours per week. Defendants failed to pay Plaintiffs and other employees for many of the hours they worked, and Plaintiffs and other similarly situated employees were paid less than the applicable minimum wage for the hours worked. According to the Amended Complaint, notwithstanding the fact that Plaintiffs worked in excess of 40 hours per week, Defendants failed to pay Plaintiffs and other similarly situated employees overtime compensation of one and one-half times the applicable minimum

wage.  Additionally, while Defendants employed Plaintiffs, Defendants failed to maintain accurate and sufficient time records.

Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since three years prior to the date of the filing of their complaint up until the entry of judgment in this case, who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wage or overtime compensation.

The Amended Complaint asserts two causes of action, one alleging violations of the FLSA and the other alleging violations of the NYLL.  Plaintiffs seek designation of this action as a collective action, a declaratory judgment that the practices complained of are unlawful under the FLSA and NYLL, an award of unpaid minimum wage and overtime compensation, an award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation, an award of pre-judgment and post-judgment interest and an award of costs, expenses and attorneys' fees.

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12, all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

5

## Defendants' Motion To Dismiss The Amended Complaint Is Granted In Part And Denied In Part

According to Defendants, the Amended Complaint should be dismissed because Plaintiffs fail to allege facts sufficient to establish that Defendants "employed" them as that term is defined in the FLSA. Defendants also contend that joinder of Plaintiffs' claims should not be permitted because the claims do not arise out of the same transaction or occurrence. Finally, Defendants contend that Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York demands that the Amended Complaint be dismissed with prejudice.

### A. The Amended Complaint Alleges Sufficient Facts Establishing API, Cella, Apicella And Spiridigliozzi To Have "Employed" Plaintiffs; Plaintiffs Fail To State A Claim Against Pio And Seta

"To be held liable under the FLSA, a person must be an 'employer,' which § 3(d) of the statute defines broadly as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (quoting 29 U.S.C.

6

§ 203(d)). The definitions of "employer" and "employee" under the FLSA are "strikingly br[oad]," "stretch[ing] the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 326, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992). This is done "in order to effectuate the remedial purposes of the act." Barfield v. N.Y. City Health & Hosp. Corp., 537 F.3d 132, 141 (2d Cir. 2008). Thus, an "employer" under the FLSA is not just the entity for which the employee works, but can also be an individual principal or manager of that entity. See Herman, 172 F.3d at 140.

The FLSA defines an employer as one who "suffer[s] or permit[s]" an employee to work. 29 U.S.C. § 203(g). Courts are to look to "economic reality rather than technical concepts" to ground their decisions regarding whether a person or entity falls under the definition of "employer." Barfield, 537 F.3d at 141 (citing Goldberg v. Whitaker House Coop. Inc., 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961)). Relevant factors include whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the

7

rate and method of payment, and (4) maintained employment records. Herman, 172 F.3d at 139 (citing Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984)). "No one of the four factors standing alone is dispositive. . . . Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive." Id. The economic realities test is applicable to both FLSA and NYLL claims. See Flannigan v. Vulcan Power Grp., L.L.C., 712 F. Supp. 2d 63, 69 (S.D.N.Y. 2010).

"[I]ndividual officers, directors, and executives of an entity may constitute 'employers' of an employee if they possessed the power to control him or her." Wilk v. VIP Health Care Servs., Inc., No. 10-CV-5530 (ILG)(JMA), 2012 WL 560738, at *7 (E.D.N.Y. Feb. 21, 2012). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Moon v. Kwon, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002) (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983)).

"The regulations promulgated under the FLSA expressly recognize that a worker may be employed by more than one entity at the same time." Zheng v. Liberty Apparel Co., 355 F.3d 61, 66 (2d Cir. 2003) (citing 29 C.F.R. § 791.2). To determine if an entity is, as a functional matter, a joint employer for the purposes of the FLSA, "[t]he Second Circuit has declined to circumscribe [a court's] analysis to a precise set of factors, recognizing up to ten common factors while noting that a district court is 'free to consider any other factors it deems relevant to its assessment of the economic realities.'" Lin v. Great Rose Fashion, Inc., No. 08 CV 4778, 2009 WL 1544749, at *12 (E.D.N.Y. June 3, 2009) (quoting Zheng, 355 F.3d at 71-72); accord Herman, 172 F.3d at 139 ("[A]ny relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition.").

The Second Circuit, while noting that this list is not exhaustive, has provided some factors for a district court to consider in applying the economic realities test, including (1) whether the alleged employer's premises and equipment were used for plaintiffs' work, (2) whether plaintiffs shifted from one putative joint employer's premises to that of another, (3) the extent to which the work performed by plaintiffs was integral to

9

the overall business operation, (4) whether plaintiffs' work responsibilities remained the same regardless of where they worked, (5) the degree to which the alleged employer or its agents supervised plaintiffs' work and (6) whether plaintiffs worked exclusively or predominantly for one defendant. See Zheng, 355 F.3d at 72.

The Department of Labor's regulations regarding joint employment provide additional guidance. They identify some situations where "a joint employment relationship generally will be considered to exist." 29 C.F.R. § 791.2(b). These situations are:

> (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or
>
> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

Id.

While Plaintiffs have alleged sufficient facts establishing API, Cella, Apicella and Spiridigliozzi to be "employers," the Amended Complaint fails to state a claim against Pio and Seta. The Amended Complaint alleges that Defendants operate a group of four restaurants, Am. Compl. ¶ 14, that each restaurant is owned by one of the four defendant businesses, Am. Compl. ¶ 15, that the four defendant businesses are owned by Apicella and Spiridigliozzi, Am. Compl. ¶ 16, that Apicella and Spiridigliozzi exercised substantial control over the functions of the restaurant employees, Am. Compl. ¶¶ 17-18, that Defendants have a single website to advertise the four restaurants, Am. Compl. ¶ 19, and that the owners have moved employees' work location and responsibilities from one restaurant to another, Am. Compl. ¶ 20. The Amended Complaint alleges that Slamna worked at Azalea Ristorante and was paid by API, Am. Compl. ¶¶ 22, 24, and that Vajic worked at Tramonti Ristorante and was paid by Cella, Am. Compl. ¶¶ 26, 28.

With respect to API and Cella, the facts alleged in the Amended Complaint, including that API paid Slamna and that Cella paid Vajic, suggest the "economic reality" that these two defendants employed Plaintiffs. The Amended Complaint's allegations also establish that Apicella and Spiridigliozzi,

11

through their ownership and involvement in the management of API and Cella, possessed the power to control Plaintiffs, thus establishing their status as employers. As such, Defendants' motion to dismiss the Amended Complaint with respect to API, Cella, Apicella and Spiridigliozzi is denied.

With respect to Pio and Seta, the analysis is less straight-forward. Plaintiffs have alleged facts meeting several of the factors the Second Circuit described in Zheng, as the Amended Complaint alleges that the putative plaintiffs, including Slamna and Vajic, used Defendants' premises, that the putative plaintiffs' labor was shifted by Defendants among the four restaurants and that Apicella and Spiridigliozzi supervised and exercised control over the putative plaintiffs. The alleged facts also satisfy the Department of Labor's regulations, as the Amended Complaint alleges an arrangement to share employees' services and a scheme under which employers, by means of common control, may be deemed to share control of employees. However, the Amended Complaint fails to identify a specific plaintiff who was employed by Pio or Seta. As such, this case is analogous to Nakahata v. N.Y.-Presbyterian Healthcare Sys., Nos. 10 Civ. 2661, 2662, 2683, 3247, 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011), a case where the Court considered motions to dismiss four

related complaints alleging that the defendants had violated the FLSA and NYLL. In Nakahata, the Court dismissed the plaintiffs' complaints, noting that

> [t]here are no factual allegations about when the alleged unpaid wages were earned . . ., or the number of hours allegedly worked without compensation—the heart of the claim. Nor do they allege any specific facts about the plaintiffs' employment, such as their dates of employment, pay, or positions. It should go without saying that the defendant in FLSA and NYLL claims must be the plaintiff's employer. The complaints are deficient due to the failure to specify which entity, among the many named defendants, employed the respective plaintiffs. Certainly if one entity did not pay an employee for overtime, that is an insufficient basis for naming every other health care facility affiliated with the employer.

Nakahata, 2011 WL 321186, at *4. Similarly, in this case, Plaintiffs provide no factual allegations concerning FLSA or NYLL violations on the part of Pio or Seta. There are no allegations that Pio or Seta ever employed Plaintiffs, and the Nakahata Court's reasoning that if one entity did not pay an employee for overtime, that is an insufficient basis for holding all affiliated entities liable seems equally applicable to this case.

Although the Amended Complaint presents some facts indicative of a joint employment relationship amongst the six

13

Defendants, the closest Plaintiffs come to identifying the involvement of Pio and Seta is the conclusory statement, "The owners have moved employees' work location and responsibilities from one restaurant to another." Am. Compl. ¶¶ 20. Without providing additional information, Plaintiffs have failed to allege sufficient facts establishing the "economic reality" that Pio and Seta employed Plaintiffs, either directly or in a joint employment relationship. Accordingly, Plaintiffs claims against Pio and Seta are dismissed.

### B. Defendants' Contentions Concerning Misjoinder Cannot Be Addressed On A Motion To Dismiss

Defendants, in their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contend that Plaintiffs fail to meet the standard set forth in Fed. R. Civ. P. 20 for permissive joinder of parties. "As an initial matter, dismissal of this action is not the appropriate remedy for misjoinder under Federal Rule of Civil Procedure 20; instead, the appropriate remedy is severance." In re Adult Film Copyright Infringement Litig., No. 11 Civ. 7564, 2012 WL 1003581, at *2 (citing Fed. R. Civ. P. 20; Fed. R. Civ. P. 21; Arista Records LLC v. Does 1-16, No. 08 Civ. 765, 2009 WL 414060, at *8 (N.D.N.Y. Feb. 18, 2009)). "Misjoinder of parties is not a ground for dismissing

14

an action." Fed. R. Civ. P. 21. Because Defendants' contentions concerning misjoinder are inartfully pled in this Fed. R. Civ. P. 12(b)(6) motion, they are denied without prejudice.

### C. Plaintiffs Are Granted Leave To Replead

According to Defendants, pursuant to the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (the "Pilot Project"), a plaintiff has one opportunity to amend the complaint, and if the amended complaint is dismissed, the Court should dismiss the complaint with prejudice. Defendants note that they filed their initial motion to dismiss on April 27, 2012 and that Plaintiffs filed their opposition on May 11. However, on May 18, the same day Defendants submitted their reply, Plaintiffs filed the Amended Complaint. Defendants contend that, in accordance with the Pilot Project, the Amended Complaint should be construed as Plaintiffs' final opportunity to amend their pleadings.

Defendants' claim that this action is within the Pilot Project is without merit. Pursuant to the order of the Honorable Loretta A. Preska dated October 31, 2011, a case is

designated for inclusion in the Pilot Project if "it is a class action, an MDL action, or is in one of the following Nature of Suit categories: 160, 245, 315, 355, 365, 385, 410, 830, 840, 850, 893, or 950." In re Pilot Project Re Case Mgmt Techniques for Complex Civil Cases, No. 11 Misc. 388, ¶ 2 (S.D.N.Y. Oct. 31, 2011). This action is not a class action or multidistrict litigation, and its "nature of suit" category - Labor: Fair Standards (710) - is not a category included in the Pilot Project. Although Defendants contend that because the Amended Complaint asserts the requisite elements for class certification it should be treated as a class action, the fact remains that this action is not included under Chief Judge Preska's October 31 order, and this Court never issued an order directing the parties to comply with the Pilot Project's terms.

"It is the usual practice upon granting a motion to dismiss to allow leave to replead." Schindler v. French, 232 Fed. Appx. 17, 19 (2d Cir. 2007) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)). Accordingly, Plaintiff is granted leave to replead within twenty days.

**Conclusion**

16

Based on the conclusions set forth above, Defendants motion to dismiss is granted in part and denied in part. Leave to replead within twenty days is granted.

It is so ordered.

**New York, NY**
**July 18, 2012**

_____
ROBERT W. SWEET
U.S.D.J.