UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DANIEL SLAMNA and MIROSLAV VAJIC,
individually and on behalf of all other
similarly situated,

                         Plaintiffs,          12 Civ. 757(RWS)

     -against-                                 OPINION & ORDER

API RESTAURANT CORP., CELLA FINE FOODS
INC., PIO RESTAURANT, LLC, SETA
RESTAURANT CORP., GIOVANNI APICELLA and
ANTONIO SPIRIDIGLIOZZI, jointly and
severally,

                         Defendants.

------------------------------------X

A P P E A R A N C E S:

          Attorney for Plaintiffs

          THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
          277 Broadway, Suite 408
          New York, NY  10007
          By:  Justin Alexander Zeller, Esq.
               Brandon David Sherr, Esq.


          Attorney for Defendants

          MILMAN LABUDA LAW GROUP, PLLC
          3000 Marcus Avenue, Suite 3W8
          Lake Success, NY  11042
          By:  Netanel Newberger, Esq.
               Joseph Martin Labuda, Esq.
               Richard I. Milman, Esq.

**Sweet, D.J.**

Plaintiffs Miroslav Vajic ("Vajic") and Daniel Slamna ("Slamna", and collectively, "Plaintiffs") have moved for an order (1) conditionally certifying the instant action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") against defendants API Restaurant Corp. ("API"), Cella Fine Foods Inc. ("Cella"), Pio Restaurant, LLC ("Pio"), Seta Restaurant Corp. ("Seta"), Giovanni Apicella ("Apicella") and Antonio Spiridigliozzi ("Spiridigliozzi," and, collectively, the "Defendants"); (2) approving the content of the proposed notice of this action to the putative party plaintiffs and authorizing its mailing to all putative party plaintiffs and its posting in the workplaces of Defendants' employees; and (3) compelling the Defendants to produce the name, last known mailing address, telephone number, primary language, and dates of employment of each putative party plaintiff.

Based on the conclusions set forth below, Plaintiffs' motion is granted, but the content of the proposed notice is subject to the modifications set forth below.

1

**Prior Proceedings**

On January 31, 2012, Vajic filed an initial complaint against Defendants.  Defendants moved to dismiss the complaint on April 27, 2012, and the motion to dismiss was marked returnable on May 23, 2012.  However, on May 18, 2012, Plaintiffs filed an amended complaint ("Amended Complaint"), in light of which the Defendants withdrew their motion to dismiss.

On June 4, 2012, Defendants filed a motion to dismiss the Amended Complaint, and in an opinion issued on July 20, 2012, the motion was denied in part and granted in part.

On January 28, 2013, Plaintiffs filed the instant motion for conditional certification of collective action pursuant to the FLSA.  The motion was heard and marked fully submitted on March 13, 2013.

**Conditional Certification of Collective Action is Granted**

Under the FLSA, employees may bring a collective action "[on] behalf of . . . themselves and other employees similarly situated."  29 U.S.C. § 216(b).  The Second Circuit

2

has long recognized that FLSA cases should, if possible, be
certified as collective actions in light of the "the broad
remedial purpose of the [FLSA], which should be given a liberal
construction, as well as with the interests of the courts in
avoiding a multiplicity of suits." Braunstein v. E.
Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978).

        Courts in this Circuit utilize a two-step process for
determining whether an action may proceed collectively under
Section 216(b). See, e.g., Myers v. Hertz Corp., 624 F.3d 537,
554 (2d Cir.2010).  In the first stage of the analysis, the
court must make an initial determination as to whether the named
plaintiffs are "similarly situated" to the putative collective
members.  Id.; see also Cunningham v. Elec. Data Sys. Corp., 754
F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (quoting Lynch v. United
Svcs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007));
Morales v. Plantworks, Inc., No. 05 Civ. 2349 (DC), 2006 WL
278154, at *1-2 (S.D.N.Y. Feb. 2, 2006).  If the named
plaintiffs make a "'modest factual showing'" that they and the
potential opt-in plaintiffs "'together were victims of a common
policy or plan that violated the law,'" conditional
certification and court-facilitated notice is appropriate.
Myers, 624 F.3d at 555 (quoting Hoffmann v. Sbarro, Inc., 982 F.

3

Supp. 249, 261 (S.D.N.Y. 1997)); see also Cunningham, 754 F.

Supp. 2d at 644; Lynch, 491 F. Supp. 2d at 368. For this reason,

the initial phase is often termed the "notice stage."  See

Lynch, 491 F. Supp. 2d at 368.


As explained in Ranier v. Citigroup Inc., 827 F. Supp.

2d 294 (S.D.N.Y. 2011),

> Because certification at this first early
> stage is preliminary and subject to
> reevaluation, the burden for demonstrating
> that potential plaintiffs are similarly
> situated is very low. The leniency of this
> requirement is consistent with the broad
> remedial purpose of the FLSA.
>
> At this initial step, Plaintiffs need only
> provide some factual basis from which the
> court can determine if similarly situated
> potential plaintiffs exist.  Plaintiffs may
> satisfy this requirement by relying on their
> own pleadings, affidavits, declarations, or
> the affidavits and declarations of other
> potential class members. In some cases, it
> may be appropriate to find plaintiffs and
> potential plaintiffs similarly situated
> based simply on plaintiffs' substantial
> allegations that they and potential
> plaintiffs were common victims of a FLSA
> violation, particularly where defendants
> have admitted that the actions challenged by
> plaintiffs reflect a company-wide policy.
> At this stage, the court need not evaluate
> the underlying merits of a plaintiff's
> claims to determine whether the plaintiff
> has made the minimal showing necessary for
> court-authorized notice.

Id. at 319-20 (internal quotation marks, citations and
alterations omitted).

Here, the two named plaintiffs, as well as four
putative plaintiffs, have submitted affidavits stating that,
during the Defendants' employment of the affiants, the
Defendants had a policy and practice of refusing to pay them
minimum wages and overtime, and the affiants observed that there
were numerous other employees – many of whom are identified in
the affidavits by name – who performed the same or similar job
duties that the plaintiffs performed, worked similar hours per
workweek to the affiants, and were paid by the Defendants in the
same legally-deficient manner in which Defendants paid the
affiants.  See Affidavit of Plaintiff (Barbu) in Support of
Plaintiffs' Motion to Conditionally Certify a Collective Action;
Affidavit of Plaintiff (Borozia) in Support of Plaintiff's
Motion to Conditionally Certify a Collective Action; Affidavit
of Plaintiff (Estrada) in Support of Plaintiffs' Motion to
Conditionally Certify a Collective Action; Affidavit of
Plaintiff (Flores) in Support of Plaintiffs' Motion to
Conditionally Certify a Collective Action; Affidavit of
Plaintiff (Slamna) in Support of Plaintiffs' Motion to
Conditionally Certify a Collective Action; Affidavit of

5

Plaintiff (Vajic) in Support of Plaintiffs' Motion to
Conditionally Certify a Collective Action.

Courts in this District and Circuit have concluded
that affidavits containing similar content provided sufficient
basis for granting a motion for conditional certification of
collective action.  See, e.g., Khamsiri v. George & Frank's
Japanese Noodle Restaurant, Inc., No. 12 Civ. 265 (PAE), 2012 WL
1981507, at *1 (S.D.N.Y. June 1, 2012); Pefanis v. Westway
Diner, Inc., No. 08 Civ. 002 (DLC), 2008 WL 4546526 (S.D.N.Y.
Oct. 8, 2008); Bowens v. Atl. Maintenance Corp., 546 F. Supp. 2d
55 (E.D.N.Y. 2008) (collecting cases).  Accordingly, Plaintiffs
here have met their "minimal burden" of demonstrating similarity
of situation with the proposed members of the collective action,
and therefore merit a grant of conditional certification.
Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 367
(S.D.N.Y. 2007).

**Plaintiffs' Proposed Notice is Approved With Modifications**

Plaintiffs further request that the Court approve of
the proposed notice submitted by Plaintiffs, and that such
notice be disseminated to all putative collective action

6

plaintiffs and be posted in the putative plaintiffs' places of

employment.


      Although the FLSA does not expressly provide a

district court with the authority to order notice,

> [t]he Second Circuit has recognized a
> district court's authority to order that
> notice be given to potential members of a
> plaintiff class in actions under [the FLSA]
> (generally referred to as 'collective
> actions'), pursuant to the opt-in provisions
> of the FLSA.  By monitoring preparation and
> distribution of the notice, a court can
> ensure that it is timely, accurate, and
> informative.  Both the parties and the court
> benefit from settling disputes about the
> content of the notice before it is
> distributed.

Raniere, 827 F. Supp. 2d at 326-27 (internal quotation marks and

citations omitted).  The details of the content of court-

authorized notice of a collective action are left to the

discretion of the trial court.  See Hoffmann-La Roche Inc. v.

Sperling, 493 U.S. 165, 170 (1989).


      Defendants have contended that there are a number of

deficiencies with the content of the proposed notice submitted

by Plaintiffs (the "Proposed Notice").

7

Defendants contend that the notice should be directed only to waiters, instead of to "all non-exempt hourly employees of the defendants at the defendants' restaurants," as proposed by Plaintiffs.  Defendants argue that the affidavits submitted in support of Plaintiffs' motion "do not make any assertions that Defendants failed to properly pay employees other than those who performed duties similar to that of Plaintiffs—i.e., waiters."  Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Proceed as a Collective Action Under the FLSA ("Def. Opp.") at 7.  However, each of the six affiants who submitted an affidavit in support of the instant motion has sworn that he observed illegal pay practices with respect to not just waiters, but rather all employees with duties "pertaining to the operation of the defendants' restaurant."  E.g., Affidavit (Slamna) In Support of Plaintiffs' Motion to Conditionally Certify a Collective Action ¶¶ 2, 4 ("I observed that there were about sixteen or seventeen other employees at the restaurant in which I worked who performed the same job duties that I performed *in that their duties pertained to operating the defendants' restaurant.* [. . .]  All of these employees were paid in the same manner that I was paid, specifically that they were not paid overtime premium . . . [or] minimum wages.") (emphasis added).  Thus, "Plaintiff[s] ha[ve]

8

shown that all non-exempt hourly employees of defendant[s] are "similarly situated" as to . . . the claims asserted here," Pefanis v. Westway Diner, Inc., No. 08 Civ. 002 (DLC), 2008 WL 454526, at *1 (S.D.N.Y. Oct. 8, 2008), and the requested scope of notification is appropriate.

Defendants contend that the proposed notice should be directed to individuals employed by Defendants for a two-year period, rather than the three-year period proposed by Plaintiffs, because Plaintiffs have not established that the FLSA's three-year statute of limitations, which applies only in instances of willful conduct by the employer, is applicable here. Def. Opp. at 8. However, at the conditional certification stage, a plaintiff need not provide evidence sufficient to establish willfulness in order for the three-year period to be utilized for notification purposes; rather, mere "allegations of . . . misclassification" of overtime hours "are sufficient to warrant authorizing notice for a three-year period." Davis v. Abercrombie & Fitch Co., No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *12 (S.D.N.Y. Oct. 23, 2008) (collecting cases). The three-year period proposed by Plaintiffs is therefore appropriate.

9

Defendants contend that that notice should be sent to putative plaintiffs who were employed by Defendants up to three years prior to the date of the Court's granting of Plaintiff's motion for conditional certification, rather than those employed up to three years prior to the filing of the *complaint*, as Plaintiff proposes. Def. Opp. at 9. However, courts in this District have held that the three-year period is calculated from the date of the filing of the action, see Raimundi v. Astellas U.S. LLC, No. 10 Civ. 5240 (WHP), 2011 WL 5117030, at *2 (S.D.N.Y. Oct. 27, 2011), and Defendants have produced no authority to the contrary.

Defendants contend that the 60-day period provided to putative party plaintiffs to opt-in to the collective action is unduly lengthy, and should instead be set at 45 days. However, a 60-day timeframe is appropriate, given the Defendants' alleged failure to keep employment records, see Amended Complaint ¶ 34, which may result in difficulty locating putative party plaintiffs. See Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007). Moreover, a 60-day opt-in period has regularly been approved by courts in this District. See Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451-52 (S.D.N.Y. 2011) (collecting cases).

10

Defendants contend that the notice should state that putative class members "may be required to pay costs if they do not prevail." Def. Opp. at 9. Courts in this District have found that such notification is appropriate, provided that the operative language makes clear that is there is only possibility, rather than a probability, that putative plaintiffs will be responsible for costs. See Hallissey v. Am. Online, Inc., No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *4 (S.D.N.Y. Feb. 19, 2008). In addition, courts have found it appropriate to include language advising "of the possibility that opt-in plaintiffs may be required to provide information, appear for a deposition, and/or testify in court." Salomon v. Adderley Indus., Inc., 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012). Accordingly, language to that effect should be added to the proposed notice.

Defendants contend that the notice should contain the name, address, and telephone number of Defendants' counsel. Def. Opp. at 10. Courts in this Circuit have generally concluded that such information is appropriate for inclusion in a notice of collective action, see Gjurovich v. Emmanuel's Marketplace, 282 F. Supp. 2d 101, 108 (S.D.N.Y. 2003); Cano v.

11

Four M Food Corp., No. 08 Civ. 3005 (JFB) (AKT), 2009 WL
5710143, at *11 (E.D.N.Y. Feb. 3, 2009), so the relevant
information should be included in Plaintiffs' proposed notice.

Defendants contend that the notice should include
language explaining that it has not been established that any
employee who worked for Defendants was paid in an illegal
manner. Def. Opp. at 10. However, the first page of the
Proposed Notice already states that "[t]he defendants deny that
they violated the law, that they owe any employee any
compensation, and that they owe liquidated damages," so there is
no need for inclusion of the additional language suggested by
Defendants.

Defendants contend that there is no need for the
notice to contain the anti-retaliation language of the FLSA.
Def. Opp. at 11. However, such an advisement is regularly
included in notices of collective action, see Salomon, 847 F.
Supp. 2d at 566, and is appropriate here.

Defendants contend that any putative plaintiff
choosing to opt-in should be directed to send his or her
"Consent to Join" form ("consent form") to the Clerk of Court,

12

rather than to Plaintiffs' counsel, on the theory that the latter practice implicitly discourages opt-in plaintiffs from selecting other counsel. Def. Opp. at 11. Courts in this District are split on this issue. Compare, e.g., Hallissey, 2008 WL 465112, at *4 (ordering consent forms mailed to the court) with Anglada v. Linens 'N Things, Inc., No. 06 Civ. 12901 (CM) (LMS), 2007 WL 1552511, at *10 (S.D.N.Y. Apr. 26, 2007) (permitting consent forms to be sent to plaintiffs' counsel). In the absence of a clear consensus on this issue, it is appropriate to err on the side of caution and instruct putative plaintiffs to submit their consent forms to the Clerk of the Court, rather than to Plaintiff's counsel. The proposed notice should be modified accordingly.

Finally, Defendants contend that there is no need for the notices to be posted at the workplaces of the putative plaintiffs, since the notices will be mailed to all applicable individuals. Def. Opp. at 12-13. However, "[c]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." Whitehorn, 767 F. Supp. 2d at 449. Posting of the notices is therefore appropriate.

13

**Plaintiffs Are Entitled to the Name, Mailing Address, Telephone Number, Primary Language, and Dates of Employment of Each Putative Party Plaintiff**

Defendants contend that Plaintiffs' request that Defendants provide the telephone numbers and dates of employment of the putative plaintiffs is inappropriate at this juncture. Def. Opp. at 12.  However, courts in this District have approved such a request, see Dumitrescu v. Mr. Chow Enters., Ltd., No. 07 Civ. 3601, 2008 WL 2600667, at *7 (S.D.N.Y. June 30, 2008); Chowdhury v. Duane Reade, Inc., No. 06 Civ. 2295, 2007 WL 2873929, at *6 (S.D.N.Y. Oct. 2, 2007), and Defendants cite no authority case law from this District in opposition.  Moreover, given Plaintiffs' agreed limitations for use of the telephone numbers,[1] the concerns expressed by Defendants are unfounded.

---

[1] Plaintiffs have stated that they will contact putative party plaintiffs by telephone number only if an error is indicated in the address provided or the notice is returned.

14

**Conclusion**

Based on the conclusions set forth above, Plaintiffs' motion is granted, and the proposed notice is approved subject to the modifications set forth above. The parties shall submit a revised proposed notice to the Court within 60 days of the date of this order that is in conformance with the required modifications.

Defendants are ordered to supply to Plaintiffs with the requested information regarding putative plaintiffs, and Plaintiffs are directed to utilize that information in accordance with the agreed-upon restrictions noted above.

It is so ordered.

**New York, NY**
**June 27, 2013**

_____
        **ROBERT W. SWEET**
             **U.S.D.J.**

15