```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

MIROSLAV VAJIC, on behalf of all other
persons similarly situated, DANIEL
SLAMNA, MIHAI BOROZIA, LUCIAN BARBU,
OSCAR AGUSTIN FLORES-SILVA, JUAN MIGUEL        12 Civ. 757 (RWS)
ESTRADA-ROSALES, ALESSANDRO RAGONE,
ERMAL BAXHIJA, and ALEJANDRO SEVILLA,             OPINION

                     Plaintiffs,
     - against -

API RESTAURANT CORP., CELLA FINE FOODS
INC., PIO RESTAURANT, LLC, SETA
RESTAURANT CORP., GIOVANNI APICELLA and
ANTONIO SPIRIDIGLIOZZI,

                     Defendants.

-----------------------------------------X
```

**Counsel for Plaintiffs**

THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
277 Broadway
New York, NY 10007
By: Brandon D. Sherr, Esq.


**Counsel for Defendants**

MILMAN LABUDA LAW GROUP, PLLC
3000 Marcus Avenue
New Hyde Park, NY 11042
By: Netanel Newberger, Esq.

**Sweet, D.J.**

Defendants API Restaurant Corp., Cella Fine Foods Inc., Giovanni Apicella, and Antonio Spiridigliozzi (collectively the "Defendants") submitted a letter on July 21, 2014 (the "July 21 Letter") requesting for an informal conference pursuant to Local Civil Rule 37.2, dismissal of the first amended complaint ("FAC") of plaintiffs Miroslav Vajic ("Vajic"), on behalf of all other persons similarly situated, Daniel Slamna, Mihai Borozia, Lucian Barbu, Oscar Agustin Flores-Silva, Juan Miguel Estrada-Rosales, Alessandro Ragone, Ermal Baxhija, and Alejandro Sevilla (collectively, the "Plaintiffs"), and sanctions against Plaintiffs.

Treating the letter as a motion, Defendants' request for dismissal of the FAC and sanctions is denied. Defendants' request for a conference is granted.

**Procedural History**

Plaintiff initiated the instant action on January 31, 2012. The FAC, filed on May 18, 2012, alleges violations of the Fair Labor Standards Act ("FLSA") and New York labor law by Defendants and seeks unpaid wages for hours worked, overtime,

1

liquidated damages, and attorneys' fees. The FAC also seeks designation of the action as a collective action.

The Notice of Collective Action Lawsuit proposed by Plaintiffs was approved on April 22, 2014 (the "Notice of Collective Action"). See ECF No. 66.

Defendants submitted the letter relating to the instant motion on July 21, 2014. In the July 21 Letter, Defendants "move[d] for an informal conference pursuant to Local Civil Rule 37.2, as Defendants seek for the Court to dismiss the Complaint in its entirety and impose sanctions against Plaintiffs for serious and egregious violations of the Court's Order dated July 8, 2014." July 21 Letter at 1. The Defendants contend that Plaintiffs failed to timely serve Defendants with a final version of the collective action notice. The Defendants conclude that "Plaintiffs' actions should persuade this Honorable Court to dismiss the instant Complaint in all respects .... [and] also award sanctions against Plaintiffs, including attorneys' fees for Defendants continuing to have to turn to the Court due to Plaintiffs' refusal to cooperate." Id. at 3.

The July 21 Letter refers to a July 8, 2014 Order, which is ostensibly an order filed by the Court dated June 30, 2014 (the

2

"Order"), but uploaded on ECF on July 8, 2014. The Order requires the parties to "meet and confer with respect to the date for mailing the collective action notice. Following agreement the parties will submit proposed scheduling orders."

Further letters were submitted by both parties, and the matter was marked fully submitted on August 20, 2014.

**Defendants' Motion for Dismissal and Sanctions Is Denied**

Defendants have not provide any analysis or legal explanation as to why the dismissal of the FAC is warranted. Defendants did not submit a brief or note any cases in its submissions regarding dismissal. Given the lack of briefing and Defendants' only cursory mention of the issue, dismissal of the FAC is not appropriate at this time, and Defendants' motion is denied. *See Yong Ki Hong v. KBS America, Inc.*, 951 F. Supp. 2d 402, 423 (E.D.N.Y. 2013) (denying defendants' motion to dismiss claims that were not otherwise mentioned in the parties' briefs); *Gavigan v. Comm'r of I.R.S.*, No. 3:06-CV-942, 2007 WL 1238651, at *7 (D. Conn. Apr. 27, 2007) (denying defendant's motion to dismiss a specific claim because it "did not brief the issue and makes only passing references to dismissing all of Plaintiffs' claims under Rule 12(b)(6)").

3

With regards to Defendants' request for sanctions, Defendants have not moved under any specific Federal Rule of Civil Procedure, but Rule 16(f)(1)(C) allows a court to issue sanctions on a party or attorney that "fails to obey a scheduling or other pretrial order." Defendants contend that Plaintiffs violated the Order when they sent the collective action notice to potential class action members in mid-July without meeting and conferring with the Defendants. Defendants argue that they were not given the opportunity to review the finalized notice before it was served on the putative class in contravention to the Order.

According to Plaintiffs, distribution of the first Notice of Collective Action occurred on July 7, 2014, one day before the parties were aware of the Order. Plaintiffs' explanation corresponds with Defendants learning that their employees received the Notice of Collective Action on July 14, 2014. July 21 Letter at 2. However, despite knowledge of the Order, Plaintiffs still sought to deliver a Notice of Collective Action on July 14, 2014 to a putative class member whose notice was returned as a wrong address to the Plaintiffs. See ECF No. 72, Ex. H.

Rule 16(f) incorporates the same standards developed under Rule 37(b)(2). See Fed. R. Civ. P. 16 Advisory Committee

4

Notes, 1983 Amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery."); *Houghton v. Culver*, 467 Fed. App'x 63, 64-65 (2d Cir. 2012) (same). Accordingly, any sanction imposed here "must be 'just'" and "must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 220 (S.D.N.Y. 2013) (stating standard for Rule 37(b)(2) sanctions).

Plaintiffs did seek to mail the Notice of Collection Action without meeting and conferring with the Defendants after the issuance of the Order. However, imposing sanctions at this time based upon the filing of letters by Defendants without robust briefing on the issue would not constitute "just" action. *See, e.g., Buffalo Specialty Products v. Great American Ins.*, No. 97 CIV. 4650(SS), 1997 WL 778733, at *1 (S.D.N.Y. Dec. 17, 1997) (denying request for sanctions where movant did not brief the sanctions issue in its initial brief). Defendants have not set out what, if any, punishment should be placed on Plaintiffs if sanctions were to issue other than dismissal of the FAC. Moreover, Defendants have only shown one attempt by Plaintiffs after the publication of the Order to deliver the Notice of Collective Action to a putative class member. Given the gravamen of imposing sanctions, the circumstances regarding the request for sanctions

5

compel denial of the demand.

At the same time, Plaintiffs must in the future comply with the Order or any other orders set forth in this action or risk potential consequences, including sanctions.

**Conclusion**

Based on the reasoning given above, Defendants' motions to dismiss the FAC and sanctions is denied. The parties will meet for a conference at 4:00 p.m. on September 24, 2014 at Courtroom 18C, 500 Pearl Street, New York, NY 10007.

It is so ordered.

Dated:  New York, New York
~~August __, 2014~~
9-1-14

/s/ Sweet
Robert W. Sweet, U.S.D.J.