UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DANIEL SLAMNA and MIROSLAV VAJIC,
individually and on behalf of all other persons similarly
situated,                                                                                    12-CV-757 (RWS)

      Plaintiffs,

v.

API RESTAURANT CORP.; CELLA FINE
FOODS INC.; GIOVANNI APICELLA; and
ANTONIO SPIRIDIGLIOZZI; jointly and
severally,

      Defendants.
-------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR MOTION FOR ENTRY OF JUDGMENT AND DISMISSAL OF THE
## COMPLAINT

**MILMAN LABUDA LAW GROUP PLLC**

Netanel Newberger, Esq.
Attorney for Defendants
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Tel. (516) 328-8899

PRELIMINARY STATEMENT

A check payable to Plaintiff Daniel Slamna in the amount of $38,737.29 that constitutes the unconditional tender of full relief for all of Mr. Slamna's claims was tendered by Defendants to counsel for Mr. Slamna on September 19, 2017. In addition, Defendants have informed Mr. Slamna that he is entitled to recover his costs and reasonable attorneys' fees. Because tender of the check to Mr. Slamna has made him whole, judgment must be entered in his favor and Mr. Slamna must be dismissed from this action.

STATEMENT OF FACTS

On September 19, 2017, Defendants sent by overnight delivery a check payable to the order of named-Plaintiff Daniel Slamna in the sum of $38,737.29. (Declaration of Netanel Newberger dated October 25, 2017 ("Newberger Dec.") ¶ 6, Exhibits "B" and "C"). The $38,737.29 amount due to Mr. Slamna is based on the calculations prepared by Plaintiffs' counsel. (See Newberger Dec. ¶ 8, Exhibit "D".)

ARGUMENT

JUDGMENT MUST BE ENTERED AND PLAINTIFF DANIEL SLAMNA MUST BE DISMISSED FROM THIS ACTION

"If the defendant has [] thrown in the towel there is nothing left for the district court to do except enter judgment." McCauley v. Trans Union, L.L.C., 402 F.3d 340, 342 (2d Cir. 2005) quoting Chathas v. Local 134 Int' I Bhd. of Elec Workers, 233 F.3d 508, 512 (7th Cir. 2000).

Article III of the United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Genesis HealthCare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (internal citations omitted). "[A]n actual controversy must be extant at all stages of review." Id. (citations omitted). Thus, "[i]f an intervening circumstance deprives the plaintiff of a personal

1

stake in the outcome of the lawsuit, <u>at any point during litigation</u>, the action can no longer proceed and must be dismissed as moot." <u>Id</u>. (citations omitted) (*emphasis added*).  S<u>ee also</u> <u>California v. San Pablo & T.R. Co.</u>, 149 U.S. 308, 313-14 (1893) (holding that "the cause of action has ceased to exist" because "[a]ny obligation of the defendant to pay the state the sums sued for in this case … has been extinguished by the offer to pay all these sums.").  There is "no principle that a plaintiff must be allowed to pursue litigation in which he no longer has an interest merely because this could benefit others."  <u>Abrams v. Interco, Inc.</u>, 719 F.2d 23, 33, n.9 (2d Cir. 1983).

Until recently, courts routinely dismissed claims as moot following service of a Rule 68 offer of judgment for full relief even where allegations of class claims were asserted.  <u>See</u> <u>Lary, Jr., M.D. v. Rexall Sundown, Inc.</u>, 74 F. Supp. 3d 540 (E.D.N.Y. 2015); <u>Franco v. Allied Interstate LLC</u>, 2015 U.S. Dist. LEXIS 160688 (S.D.N.Y. Nov. 30, 2015); <u>Briggs v. Arthur T. Mott Real Estate LLC</u>, 2006 U.S. Dist. LEXIS 82891 (E.D.N.Y. 2006); <u>Geismann v. ZocDoc, Inc.</u>, 60 F. Supp. 3d 404, 406 (S.D.N.Y. 2014); <u>Aleman v. Innovative Elec. Servs. L.L.C.</u>, 2014 U.S. Dist. LEXIS 139008 (S.D.N.Y. Sept. 15, 2014); <u>Vogel v. American Kiosk Management</u>, 371 F. Supp.2d 122, 128 (D. Conn. 2005); <u>Darboe v. Goodwill Indus. of Greater NY & N. NJ</u>, 485 F. Supp. 2d 221 (E.D.N.Y. 2007); <u>Maximo v. 140 Green Laundromat</u>, 2015 U.S. Dist. LEXIS 88257 (S.D.N.Y. July 7, 2015).  The recent change in the case law – in <u>Campbell-Ewald Co. v. Gomez</u>, 136 S. Ct. 663 (2016) – as discussed below, is not based in any regard on the presence of class action allegations in a complaint.

In <u>Campbell-Ewald</u>, the Supreme Court merely held that an unaccepted settlement offer or offer of judgment under Fed. R. Civ. P. 68 does not moot a plaintiff's case.  The basis for the Court's conclusion was that settlement offers and offers of judgment leave the plaintiff "empty-

handed" since the money has not been tendered. Id. at 672. This was the extent of the holding in Campbell-Ewald.

Critically, Campbell-Ewald did not hold that actually tendering full relief in the form of a check directly to the plaintiff (rather than serving an offer of judgment or making a settlement offer that must be accepted and paid at a future date) cannot moot a claim. In fact, the Court explicitly stated that its ruling could lead to a claim becoming moot upon tendering full relief to a plaintiff since the plaintiff would no longer be "empty-handed." Id. Campbell-Ewald provides a roadmap to moot claims, including tendering payment of full relief to the plaintiff, which Defendants have done in this case. Id. at 680.

After Campbell-Ewald, courts have held that tendering full relief to a plaintiff warrants entry of judgment and dismissal of the claims. Indeed, in Leyse v. Lifetime Entm't Servs., LLC, 171 F. Supp. 3d 153 (S.D.N.Y. 2016), the Hon. Alvin K. Hellerstein, U.S.D.J., held that Campbell-Ewald did nothing to alter existing Second Circuit precedent that already allowed for the entry of judgment over a plaintiff's objections, and that Campbell-Ewald merely precludes dismissal solely on the basis of an unaccepted Rule 68 offer, where the defendant is not actually obligated to pay anything to the plaintiff. Leyse, 171 F. Supp. 3d at 4-5 citing Tanasi v.New Alliance Bank, 786 F.3d 195, 200 (2d Cir. 2015); Bank v. Carribean Cruise Line, 606 F.App'x 30, 31 (2d Cir. 2015); Cabala v. Crowley, 736 F.3d 226, 228 (2d Cir. 2013); McCauley v. Trans Union, L.L.C., 402 F.3d 340, 342 (2d Cir. 2005)). As Judge Hellerstein explained:

> But once the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in its favor. A plaintiff has no entitlement to an admission of liability, as a party can always incur a default judgment and liability without any factual findings. See McCauley, 402 F.3d at 341 ("[I]t is always open to a defendant to default and suffer judgment to be entered against him without his admitting anything." (quoting Chathas v. Local 134 IBEW, 233 F.3d 508, 512 (7th Cir. 2000))). "[I]f the defendant has thus thrown in the

> towel there is nothing left for the district court to do except enter judgment. The absence of a controversy in the constitutional sense precludes the court from issuing an opinion on whether the defendant actually violated the law." *Id.* at 342 (quoting Chathas, 233 F.3d at 512). As here, a defendant's deposit of a full settlement with the court, and consent to entry of judgment against it, will eliminate the live controversy before a court. Tanasi, 786 F.3d at 200 (citing ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 94 (2d Cir.2007)).

Leyse, 171 F. Supp. 3d at *5. The Leyse court ultimately held that it would enter judgment in favor of plaintiff once defendant deposited with the Clerk of the Court the amount at issue plus court costs. Id; see also Price v. Berman's Auto., Inc., 2016 U.S. Dist. LEXIS 35807 (D. Md. Mar. 18, 2016); Gray v. Kern, 143 F. Supp. 3d 363, 367 (D. Md. 2016).

Moreover, critically, Campbell-Ewald did not hold that class action allegations in a complaint prevent a claim from being mooted after tender of full relief to the plaintiff. Campbell-Ewald would alter the results in Franco, Lary, Jr., Briggs, Geismann, Aleman, Vogel, Darboe, and Maximo because the defendants in each of these cases left the plaintiffs empty-handed since they merely served offers of judgment rather than tendering full relief. However, under Campbell-Ewald, the class action allegations in Franco, Lary, Jr., Briggs, Geismann, Aleman, Vogel, Darboe, and Maximo would not have altered the holdings had the defendants in each of these cases deposited a check with the Court or with the plaintiffs for full relief because the Campbell-Ewald decision did not decide this precise issue. See Campbell-Ewald, 136 S. Ct. at 672 (reciting that this "ruling [referring to Rule 68 offers of judgment being unable to moot claims] suffices to decide this case.")

Accordingly, if the Franco, Lay, Jr., Briggs, Geismann, Aleman, Vogel, Darboe, and Maximo decisions were issued today, it is respectfully submitted that the courts would enter judgment and the claims would be dismissed because Campbell-Ewald did not alter the law in the

Second Circuit that mere class action allegations in a Complaint do not save claims from being moot and avoiding entry of judgment and dismissal.

Because full relief was tendered to Mr. Slamna, he does not have a live claim and there is no basis upon which the Court can allow his claim to survive. There is nothing left to litigate, warranting entry of judgment and dismissal of Mr. Slamna from this action.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court (1) enter judgment against Defendants with regard to all of Plaintiff Daniel Slamna's claims contained in the Complaint and dismiss him from this action; and (2) grant Defendants such other and further relief as this Court deems just and proper.

Dated: October 25, 2017

Respectfully Submitted,

**MILMAN LABUDA LAW GROUP PLLC**

By: /s/ Netanel Newberger
Netanel Newberger, Esq.
Attorneys for Defendants
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Tel. (516) 328-8899