```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X

DANIEL SLAMNA and MIROSLAV VAJIC,
individually and on behalf of all other
persons similarly situated,

                    Plaintiffs,                    12 Civ. 757

     -against-                                     OPINION

API RESTAURANT CORP.; CELLA FINE FOODS INC.;
GIOVANNI APICELLA; and ANTONIO
SPIRIDIGLIOZZI; jointly and severally,

                    Defendants.

-------------------------------------------X

A P P E A R A N C E S:

          Attorneys for Plaintiffs

          THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
          277 Broadway, Suite 408
          New York, NY 10007
          By:  Justin A. Zeller, Esq.

          Attorneys for Defendants

          MILMAN LABUDA LAW GROUP PLLC
          3000 Marcus Ave., Suite 3W8
          Lake Success, NY 11042
          By:  Netanel Newberger, Esq.
               Richard I. Milman, Esq.
               Joseph M. Labuda, Esq.
```

**Sweet, D.J.**

Defendants API Restaurant Corp., Cella Fine Foods Inc., Giovanni Apicella and Antonio Spiridigliozzi (collectively, the "Defendants") have moved, without opposition, for entry of judgment on behalf of named-Plaintiff Daniel Slamna ("Slamna" or the "Plaintiff") on the basis that Defendants have made Plaintiff whole by tendering to him full relief in the amount of $38,737.29, which, Defendants allege, thereby moots Plaintiff's claims and requires his dismissal from this action. Based on the facts and conclusions set forth below, Defendants' motion to enter judgment on behalf of Slamna is granted, and he is dismissed from this action.

I.   **The Facts & Prior Proceedings**

Plaintiff Miroslav Vajic ("Vajic") initiated this action against Defendants on January 31, 2012, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and New York Labor Law ("NYLL"), Art. 6, §§ 190, et seq. and Art. 19, §§ 650 et seq., for failure to pay minimum wage or overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of

1

forty per workweek. On March 14, 2012, Slamna received consent from this Court to become a named-plaintiff to this action. On January 28, 2013, both named-plaintiffs moved for, and on July 2, 2013 were granted, certification of this action as a class action with respect to all tipped employees of the relevant employer-Defendants. The parties thereafter engaged in discovery. Defendants filed this unopposed motion for judgment on Plaintiff Slamna's claims on October 25, 2017. This motion was taken on submission on November 22, 2017, at which point it was deemed fully submitted.

As relevant here, and undisputed by the parties, on September 19, 2017, the Defendants tendered a check payable to Slamna via overnight delivery in the amount of $38,737.29, based on the calculations prepared by Plaintiffs' counsel, for the purposes of rendering Slamna's claims moot. *See* Defs.' Br. Exs. B, C & D.

## II. The Defendants' Motions for Entry of Judgment in Favor of the Plaintiff and Dismissal of the Plaintiff Are Granted

The Defendants allege, and Plaintiff has not opposed, that tender of the check to Slamna made him whole, such that

judgment must be entered in his favor and he must be dismissed from this action.

Federal Rule of Civil Procedure 68 forms the foundation of this motion, and provides, in relevant part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). In considering Rule 68 in practice, the Honorable Alvin K. Hellerstein addressed the exact question presently at issue in *Leyse v. Lifetime Entertainment Services, LLC*, 171 F. Supp. 3d 153, 155 (S.D.N.Y. 2016), and concluded that "once the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in its favor." Reasoning from Second Circuit precedent, which provides that "'under the law of our Circuit, an unaccepted Rule 68 offer alone does not render a plaintiff's individual claims moot *before the entry of judgment* against the defendant,' but rather '[o]nly after the entry of judgment in the plaintiffs favor is the controversy resolved such that the court lacks further jurisdiction,'" Judge Hellerstein established that the situations concerning the Second Circuit were different from

3

those in which a defendant has furnished full relief. *See id.* (citing *Tanasi v. New Alliance Bank*, 786 F.3d 195, 199-200 (2d Cir. 2015) and *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013) (emphasis in original) (internal citation omitted)). Indeed, "a defendant's deposit of a full settlement with the court, and consent to entry of judgment against it, will eliminate the live controversy before the court," and with this, no case or controversy remains before the court sufficient to satisfy the 'case or controversy' requirement of Article III of the United States Constitution.[1] *See Leyse*, 171 F. Supp. 3d at 157.

As the scenario here is identical to that in *Leyse*, and this Court finds no reason to stray from Judge Hellerstein's well-reasoned rationale, this Court adopts *Leyse*'s reasoning and holding. Because the Defendants tendered full relief for all of Slamna's claims on September 19, 2017 in the sum of $38,737.29,

---

[1] As an aside, the United States Supreme Court's holding in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), which provides that "an *unaccepted* settlement offer or offer of judgment does not moot a plaintiff's case" because "[w]ith the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists," while clearly related to this motion, does not address the specific question of whether a defendant's *tendered* payment of relief moots that plaintiff's claims. *See Campbell-Ewald Co.*, 136 S. Ct. at 672 (emphasis added) ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount.").

4

there is no longer a live case or controversy before this Court. *See also McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005) ("if the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment."). Accordingly, Slamna's claims are moot and he is dismissed from this action.[2]

Defendants have informed Slamna that he is entitled to recover his costs and reasonable attorneys' fees, and this Opinion does not alter Plaintiff's ability to recover accordingly.

III. **Conclusion**

For the foregoing reasons, Defendants' motion for entry of judgment in favor of Slamna is granted, and Slamna is dismissed from this action.

---

[2] Critically, even though Slamna is a named-plaintiff here, because the class has previously been certified, (*see* Dkt. 49), Defendants' tender of payment renders only Slamna's claims moot, not those of the class. *See Sosna v. Iowa*, 419 U.S. 393, 399, 402 (1975) ("The controversy may exist, however, between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot.").

5

It is so ordered.

New York, NY
November 30, 2017

_____
ROBERT W. SWEET
U.S.D.J.